RICHARD L. GIRARD, # 494744,

        Petitioner,

v.                                          Case Number: 10-CV-10090

SHERRY BURT,

        Respondent.

_____/

## OPINION AND ORDER DENYING "PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Richard L. Girard, a state inmate currently incarcerated at the Charles Egeler Reception and Guidance Center in Jackson, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 15, 2004, Petitioner was convicted of (1) five counts of first-degree criminal sexual conduct (CSC), Mich. Comp. Laws § 750.520(b), and (2) three counts of possession of child sexually abusive material, Mich. Comp. Laws § 750.145(c)(4), by a Crawford County circuit court jury. He was sentenced to seventeen years, six months to thirty years, ten months in prison for the first-degree CSC convictions and concurrent one-year prison terms for each of the child-sexually-abusive-material convictions. On August 3, 2010, Respondent filed an answer to the petition, arguing that the petition was not timely filed under 28 U.S.C. § 2244(d)(1). In his reply, Petitioner appears to argue that he is actually innocent of the crimes with which he was charged and convicted. The court will construe Petitioner's claim of actual innocence as a request to equitably toll the limitations period. For the

reasons stated below, the court will deny Petitioner's habeas petition. The court will also decline to issue a certificate of appealability.

## I. BACKGROUND

In 1996, Petitioner married his wife, Jean, who had three children from a prior relationship, one daughter and two sons. Petitioner and Jean also had one child together, a daughter. Following his marriage to Jean, on October 17, 1997, Petitioner was seriously injured in an automobile accident. As a result, he has been wheelchair-bound.

The complainant in this case was his stepdaughter. Trial began on April 12, 2004 and concluded on April 15, 2004. Testimony revealed the following.

On January 16, 2003, the complainant in this case reported that she had been sexually abused by her stepfather, Petitioner. She said he had anal intercourse with her, performed oral sex on her, at least twenty times, and that he would sometimes ejaculate into her mouth, that he would rub her buttocks and breasts, and would also sometimes use a vibrator on her vagina and anal area. She was evaluated at the Maple Clinic in Traverse City, Michigan, where it was confirmed that she was indeed sexually assaulted.

The complainant and her mother testified at trial that Petitioner would look at sexual images on his computer, including images of children, while engaging in sexual acts with them. The testimony demonstrated that Petitioner used child pornography for stimulation before and during his sexual abuse of complainant. Pornographic materials were found on the hard drives of the computer used by Petitioner.

Petitioner testified on his own behalf.  He denied the allegations and said his stepdaughter fabricated them out of "[p]ure hatred."  Trial Tr. vol. III, 178, Apr. 14, 2004.

The jury convicted Petitioner of the above-stated charges.

Following his sentencing, Petitioner filed an appeal of right in the Michigan Court of Appeals, challenging his convictions and sentences on the following grounds:

I.      Did the circuit court err by not granting [Petitioner's] motion to sever the CSC charges from the alleged child pornography charges?

II.     Did the failure to sever the counts and the presentation of proofs violate the prohibitions of [the Michigan Rules of Evidence 403 and 404(b)]?

III.    Did the circuit court err in allowing "similar" photographs, not the "actual" photographs to be introduced and at the least violate the best evidence rule?

IV.     Did the People fail to sustain the burden of proof to obtain a conviction under [Mich. Comp. Laws 750.145(C)(4)]?

On September 22, 2005, the Court of Appeals, in a published opinion, affirmed Petitioner's convictions and sentences.  *People v. Girard*, 709 N.W.2d 229 (Mich. Ct. App. 2005).  Petitioner then filed an application for leave to appeal that decision in the Michigan Supreme Court, raising the following claims:

I.      [Petitioner] was denied the effective assistance of trial and appellate counsel where counsel failed to present crucial evidence which would have shown that M.M.H. provided false information regarding sexual abuse.

II.     [Petitioner] will be denied due process of law if his relief requested is not fully granted.

The Michigan Supreme Court denied his application on January 30, 2006. *People v. Girard*, 708 N.W.2d 318 (Mich. 2006).

Pursuant to the Crawford County docket sheet, Petitioner then filed a post conviction motion in the trial court on July 13, 2009. On November 12, 2009, the trial court denied the motion. *People v. Girard*, No. 03-002110-FC (Crawford County Circuit Court, Nov. 12, 2009).

Petitioner did not file applications for leave to appeal the trial court's decision with either the Michigan Court of Appeals or the Michigan Supreme Court.

On January 11, 2010, Petitioner filed this habeas petition, raising the following claims: (1) that the circuit court lacked subject-matter jurisdiction to bind him over, and (2) that the State of Michigan lacked subject-matter jurisdiction over him because there was never a valid complaint filed against him.

## II. STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas corpus petitions. 28 U.S.C. § 2244(d)(1). Petitioner's application for habeas corpus relief was filed after April 24, 1996, and thus the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to Petitioner's application. *Lindh v. Murphy*, 521 U.S. 320, 337 (1997). Title 28 of the United States Code, sections 2244(d)(1)(A) through (D) state in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Concerning § 2244(d)(1)(A) and a direct appeal from state court, the one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." Sup. Ct. R. 13.

The time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending tolls any period of limitation contained in the statute. 28 U.S.C. § 2244(d)(2). A petition for post-conviction relief is "properly filed" under the statute if it meets the applicable state rules governing filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). However, tolling is only effective when collateral review is properly sought within the limitations period. *Id.*

Concerning a petition for state post-conviction relief, the one-year statute of limitations is tolled during the time period between the state appellate court's decision and the state supreme court's decision concerning the petition. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003).

5

A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not start a new limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

### III. DISCUSSION

### A. Timeliness of Petition

In this case, Petitioner did not file his application for a writ of habeas corpus within the statute of limitations period. Petitioner's application for leave to appeal to the Michigan Supreme Court was denied on January 30, 2006. Petitioner then had ninety days from that order, or until May 1, 2006, in which to seek a writ of certiorari with the United States Supreme Court. Sup. Ct. R. 13. Thus, for statute of limitations purposes, Petitioner's conviction became final on or about May 1, 2006. The limitations period commenced the following day, May 2, 2006, and continued to run uninterrupted until it expired on May 2, 2007. Accordingly, Petitioner was required to file his habeas petition on or before May 2, 2007, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244 (d)(2).

The statute of limitations is tolled under 28 U.S.C. § 2244 (d)(2) if a properly filed petitioner for post-conviction review is pending in the state courts. Indeed, in July 2009, Petitioner filed a post-conviction motion in state court, seeking relief from judgment, two years after the limitations period for his habeas relief expired. The filing of that motion did not toll the statute of limitations period because there was no limitations period to toll. *Smith v. Stegall*, 141 F.Supp.2d 779, 782-83 (E.D. Mich. 2001).

Petitioner filed his habeas petition on January 11, 2010, almost three years after

6

the expiration of the one-year statute of limitations.  Hence, Petitioner is barred from habeas relief by the untimely filing of his petition.  However, Petitioner appears to argue that the court should invoke the doctrine of equitable tolling in his case because he is actually innocent.

## B.  Equitable Tolling

Recently, in *Holland v. Florida*, 130 S.Ct. 2549, 2010 WL 2346549 (June 14, 2010), the United States Supreme Court held that the statute of limitations for habeas actions is subject to equitable tolling.  Additionally, the United States Court of Appeals for the Sixth Circuit, has determined that the one-year limitations period can be subject to equitable tolling.  *See Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002).  The applicability of equitable tolling on grounds of actual innocence has yet to be decided by the Supreme Court, but is recognized by the Sixth Circuit.  *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005).  The Supreme Court in considering the question of equitable tolling in habeas cases, determined that, if equitable tolling is available in habeas challenges to state-court convictions, a litigant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."  *Holland*, 130 S.Ct. at 2562, 2010 WL 2346549, at *12 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  A petitioner has the burden of demonstrating that he is entitled to equitable tolling.  *Griffin*, 308 F.3d at 653.

Additionally, in *Souter*, the Sixth Circuit held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1).  *Souter*, 395 F.3d at 588-90.  As the *Souter* Court explained, where a petitioner, in order to support a claim of actual innocence in a collateral proceeding "can

7

demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter,* 395 F.3d at 602. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In this case, the court finds that Petitioner is not entitled to equitable tolling under either *Holland* or *Souter*. He cannot establish that he diligently pursued his rights or that some extraordinary circumstance stood in his way. The court also finds that Petitioner cannot assert that he is entitled to equitable tolling because he is actually innocent. Petitioner has not submitted any new reliable evidence to support an actual innocence claim.

Having failed to establish entitlement to either statutory or equitable tolling, Petitioner's habeas petition is dismissed as untimely.

## C. Certificate of Appealability

The court will also decline to issue a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing

of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The court will decline to issue Petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this court was correct in determining that Petitioner had filed his habeas petition outside of the one year limitations period. *See Grayson v. Grayson*, 185 F.Supp.2d 747, 753 (E.D. Mich. 2002).

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Petitioner's "Petition for Writ of Habeas Corpus" [Dkt. # 1] is DENIED with prejudice.

IT IS FURTHER ORDERED that the court DECLINES to issue Petitioner a certificate of appealability.

S/Robert H. Cleland_____
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 29, 2010


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 29, 2010, by electronic and/or ordinary mail.

 S/Lisa G. Wagner_____
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\10-10090.GIRARD.DENYHC.SOL.JR.chd.wpd