**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

RICHARD L. GIRARD, # 494744,

                Petitioner,

v.                                            Case Number: 10-cv-10090

SHERRY BURT,

                Respondent.

_____/

**ORDER CONSTRUING DECEMBER 27, 2010 FILING AS A MOTION FOR**
**RECONSIDERATION AND DENYING THE SAME**

On September 29, 2010, the court issued an opinion and order denying

Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254, because it

was filed outside the statue of limitations period.  *Girard v. Burt*, No. 10-CV-10090, 2010

WL 3906920 (E.D. Mich. Sept. 29, 2010).  In that order, the court also denied Petitioner

a certificate of appealability.  On December 27, 2010, Petitioner filed a document

requesting that the court reconsider its September 29, 20101, order.  The court

construes the document as a motion for reconsideration, and will deny it.

**I. DISCUSSION**

Local Rule 7.1(h) allows a party to file a motion for reconsideration.  However, a

motion for reconsideration which presents the same issues already ruled upon by the

court, either expressly or by reasonable implication, will not be granted.  *Ford Motor Co.*

*v. Greatdomains.com, Inc.*, 177 F.Supp.2d 628, 632 (E.D. Mich. 2001).  "The movant

must not only demonstrate a palpable defect by which the court and the parties and

other persons entitled to be heard on the motion have been misled but also show that

correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h). A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F.Supp. 426, 427 (E.D. Mich. 1997). Moreover, a motion for rehearing or reconsideration must be filed within fourteen days after entry of the judgment or order.

The court issued its judgment in this case on September 29, 2010. Petitioner filed this motion with the court on December 27, 2010. He signed the motion on December 21, 2010. Thus, Petitioner's motion was signed and filed beyond the fourteen-day period and is untimely.

However, even if Petitioner's motion was timely, the court would nevertheless find that Petitioner's arguments raised in his motion were already raised, either explicitly or by reasonable implication, in his habeas petition and the attached exhibits. Therefore, because Petitioner would be merely presenting issues which were already ruled upon by the court in his habeas petition, the motion for reconsideration would be denied. *See Hence v. Smith*, 49 F.Supp.2d 547, 553 (E.D. Mich. 1999).

Further, to the extent Petitioner's motion can be construed as one brought under Rule 60(b), it is without merit. A Rule 60(b) motion does not serve as a substitute for an appeal, or raise the merits of the district court's decision dismissing a habeas petition for a second time. *Rodger v. White*, 996 F.2d 1216, 1993 WL 210696, * 1 (6th Cir. June 15, 1993); *see also Matura v. United States*, 189 F.R.D. 86, 89 (S.D.N.Y. 1999). The court therefore denies any request under Rule 60(b) because Petitioner has failed to offer any arguments which this court has not already previously considered and rejected in its prior order. *See Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001).

2

And, if the court were to construe Petitioner's motion under Federal Rule of Civil Procedure 59(e), it would also be denied.  Federal Rule of Civil Procedure 59(e) governs the altering or amending of a judgment.  Fed. R. Civ. P. 59(e).  A district court maintains discretion when deciding a motion to amend a judgment under Rule 59(e). *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454-55 (6th Cir. 2003). "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice."  *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).  Any request under Rule 59(e) is also denied because there was no clear error of law, newly discovered evidence, or an intervening change in the law, which would require amending the judgment.

## II.  CONCLUSION

Accordingly, IT IS ORDERED that Petitioner's December 27, 2010 document is CONSTRUED as motion for reconsideration [Dkt. # 15] and is DENIED.

 S/Robert H. Cleland                                    
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 19, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 19, 2011, by electronic and/or ordinary mail.

 S/Lisa Wagner                                    
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\10-10090.GIRARD.DenyRecon.JR.wpd